UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SEAN DAY, CHARLES PALM, and
PAMELA DEPRISTO,

        Plaintiffs,        CASE NO.: 6:13-CV-871-ORL-36KRS

vs.

SCOTT CLYMO, D/B/A EZ
LOANS.BIZ,

        Defendant.
_____/

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiffs, SEAN DAY, CHARLES PALM, and PAMELA DEPRISTO, by and through the undersigned attorneys, sue the Defendant, SCOTT CLYMO, d/b/a EZ LOANS.BIZ, and allege:

    1.    Plaintiffs were employees of Defendant and bring this action for unpaid overtime compensation, unpaid minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") and Article X, Section 24 of the Florida Constitution.

<u>General Allegations</u>

    2.    Plaintiff, SEAN DAY, worked as an agent for Defendant in Brevard County, Florida from approximately November 28, 2012 to April 22, 2013.

    3.    Plaintiff, CHARLES PALM, worked as an agent for Defendant in

1

Brevard County, Florida from approximately December 31, 2012 to April 6, 2013.

4. Plaintiff, PAMELA DEPRISTO, worked as an agent, team leader and eventually director of operations for Defendant in Brevard County, Florida from approximately November 29, 2012 to June 13, 2013.

5. Defendant, SCOTT CLYMO, is an individual resident of the State of Florida who operates EZ LOANS.BIZ as fictitious entity under his individual name.

6. Defendant operates EZ LOANS.BIZ in Brevard County, Florida and is therefore within the jurisdiction of this Court.

7. This action is brought under the FLSA and Florida law to recover from Defendant overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

8. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA, the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq., and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

9. At all material times relevant to this action, Defendant earned or will earn $500,000.00 in gross sales annually.

10. Defendant also employs at least two employees who handle goods, materials and supplies which had travelled in interstate commerce.

11. Included in such goods, materials and supplies are office equipment utilized by employees, computers, telephones, paper and other items.

12. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s) and incorporated into Article X, Section 24 of the Florida Constitution.

13. Additionally, Plaintiffs were engaged in interstate commerce during their employment with Defendant as a result of daily and routine phone calls which travelled outside the State of Florida as well as e-mail and Internet use which transacted business outside the state of Florida.

### FLSA and Florida Law Violations

14. At all times relevant to this action, Defendant failed to comply with the FLSA and Florida law because Plaintiffs were misclassified as independent contractors and were not paid any overtime compensation and were also not even paid enough compensation in most weeks to meet the minimum wage.

15. Specifically, Plaintiffs were initially only paid a maximum of $320 dollars per week, even though they routinely worked 50-60 hours per week.

16. Such compensation does not pay Plaintiffs the proper minimum wage, or pay them any overtime compensation.

17. During their employment with Defendant, Plaintiffs would occasionally be paid a lower or highly weekly amount, but were never paid additional overtime compensation for overtime hours worked and often were not paid enough compensation to meet the minimum wage.

18. Upon information and belief, the records, to the extent any exist and are

accurate, concerning the number of hours worked and amounts paid to Plaintiffs are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

19.   Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-18 above.

20.   Plaintiffs were entitled to be paid proper overtime compensation for each hour worked in excess of forty (40) per work week.

21.   During their employment with Defendant, Plaintiffs worked overtime hours but were paid no overtime compensation.

22.   As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiffs overtime compensation for each overtime hour worked, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

23.   As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

24.   Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, SEAN DAY, CHARLES PALM, and PAMELA DEPRISTO, demand judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FEDERAL)

25. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-18 above.

26. Plaintiffs were entitled to be paid the minimum wage for each hour worked.

27. During their employment with Defendant, Plaintiffs were paid so little in many weeks that their compensation did not even meet the minimum wage.

28. Plaintiffs have demanded proper compensation for these unpaid minimum wages via a demand letter, but Defendant has failed to compensate Plaintiffs for any amounts owed.

29. As a result of Defendant's actions in this regard, Plaintiffs have not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendant.

30. Defendant willfully failed to pay Plaintiffs the minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

31. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, SEAN DAY, CHARLES PALM, and PAMELA DEPRISTO, demands judgment against Defendant for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III - RECOVERY OF MINIMUM WAGES (STATE LAW)

32. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-18 above.

33. Plaintiffs were entitled to be paid the minimum wage for each hour worked.

34. During their employment with Defendant, Plaintiffs were paid so little that their compensation did not even meet the minimum wage.

35. Plaintiffs have demanded proper compensation for these unpaid minimum wages via a demand letter, but Defendant has failed to compensate Plaintiffs for any amounts owed.

36. As a result of Defendant's actions in this regard, Plaintiffs have not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendant.

37. Defendant willfully failed to pay Plaintiffs the minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution.

38. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, SEAN DAY, CHARLES PALM, and PAMELA DEPRISTO, demand judgment against Defendant for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 19th day of March, 2015.

        **/s/ C. RYAN MORGAN**
        C. Ryan Morgan, Esq.
        Florida Bar No. 0015527
        e-mail: rmorgan@forthepeople.com
        Morgan & Morgan, P.A.
        20 N. Orange Ave., 14th Floor
        P.O. Box 4979
        Orlando, FL 32802-4979
        Telephone: (407) 420-1414
        Facsimile: (407) 245-3401
        Attorneys for Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2015, a true and correct copy of the foregoing was filed using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: **SCOTT CLYMO, D/B/A EZ LOANS.BIZ** at 1472 Croftwood Drive, Melbourne, Florida 32935 and Tino Gonzalez, Esq., 1600 Sarno Road, Suite 1, Melbourne, FL 32935 Telephone: (321) 751-9675, E-mail: tino@tinolegal.com this 16th day of March, 2015

        **/s/ C. RYAN MORGAN**
        C. Ryan Morgan, Esq.