# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SEAN DAY,

                Plaintiff,

v.                                         **Case No:  6:13-cv-871-Orl-40KRS**

SCOTT CLYMO,

                Defendant.

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO DISMISS THE PLAINTIFFS' REQUEST WITH PREJUDICE OR IN THE ALTERNATIVE TO COMEPL ARBITRATION (Doc. No. 27)** |
| **FILED:** | **April 20, 2015** |

## I.  PROCEDURAL HISTORY AND RELEVANT FACTS.

       This case began when Plaintiff, on behalf of himself and others similarly situated, filed a complaint against Defendant Scott Clymo d/b/a EZ LOANS.BIZ alleging violation of the Fair Labor Standards Act and Florida law arising from allegedly unpaid overtime compensation and minimum wages.  Doc. No. 1.  Defendant filed a motion to dismiss the complaint or in the alternative to compel arbitration.  Doc. No. 16.  The Court granted the motion and dismissed the case without prejudice.  Doc. No. 18.

       On November 26, 2014, counsel for Plaintiff moved to reopen the case.  He represented that the parties had begun arbitration proceedings with the American Arbitration Association ("AAA") but that Defendant filed to pay the arbitration fee.  Doc. No. 19, at 2.  On October 28, 2014, the

AAA terminated the arbitration due to non-payment.  *Id.* at 3.  On March 6, 2015, this Court granted the motion and reopened the case.

In the pending Motion To Dismiss the Plaintiffs' Request with Prejudice or in the Alternative to Compel Arbitration (the "Renewed Motion"), Defendant again seeks an order dismissing the case or, in the alternative, compelling the parties to arbitrate the dispute.   Plaintiff argues that Defendant waived the right to arbitration by failing to pay the required fees to the AAA.   Doc. No. 32.

Defendant concedes that he did not pay the fee required by the AAA.   Doc. No. 38, at 1. Counsel for Plaintiff presented copies of the checks showing the fees Plaintiff paid to the AAA and showing the refund of those money from the AAA after the arbitration was terminated.   Doc. No. 44-1.   Therefore, the record establishes that the arbitration was terminated due to Defendant's failure to pay the required fee, not because (as Defendant asserted) Plaintiff failed to pay the required fees.

## II.    ANALYSIS.

I recommend that the Court deny the motion to dismiss or to compel arbitration because Defendant has waived his right to arbitrate this dispute.   The United States Court of Appeals for the Eleventh Circuit applies a two-part test to determine whether the right to arbitrate has been waived.   First, the Court must determine whether under the totality of the circumstances the party has acted inconsistently with the arbitration right.   Second, the Court must consider whether the party has in some way prejudiced the other party.  *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315-16 (11th Cir. 2002).

In *Garcia v. Mason Contract Products, LLC*, No. 08-23013-CIV, 2010 WL 3259922 (S.D. Fla. Aug. 18, 2010), the court found that the defendant's failure to pay the arbitration fee, resulting in the arbitration proceeding being canceled, established by a totality of the circumstances that the defendant had acted inconsistently with the arbitration right.  *Id.* at * 3.   The same analysis applies here.   Plaintiff paid the AAA fees, but Defendant did not.   As a result of Defendant's default, the

AAA terminated the arbitration.   Accordingly, Defendant proceeded inconsistently with his right to arbitration.

Turning to the second factor, Plaintiff has established he has been prejudiced.   This case was filed nearly two years ago.   Under the Local Rules of the Court, the case likely would have been resolved by now but for the dismissal for the parties to pursue arbitration.   Local Rule 3.05(c)(2)(E)("It is the goal of the court that a trial will be conducted in all Track Two cases within two years after the filing of the complaint . . . .).   Instead, the case has only recently been reopened and no Case Management and Scheduling Order has yet been issued.   Even if Defendant now agrees to pay the AAA filing fee, it is doubtful that the Court has the authority to again compel arbitration.   *Garcia*, 2010 WL 3259922, at * 1. The prejudice to Plaintiff by the delay already caused by the Defendant also favors denial of the request to again compel arbitration.

Finally, the record reflects that Defendant has violated Federal Rule of Civil Procedure 11 by making false statements of fact.   In the Renewed Motion, Defendant asserted that the AAA dismissed the arbitration because Plaintiff failed to pay the arbitration fee.   Doc. No. 27, at 1.   I issued an Order to Show Cause pursuant to Federal Rule of Civil Procedure 11 requiring Defendant to provide evidence in the form of a sworn statement showing that the facts he stated in the motion regarding why the arbitration proceeding was dismissed were true.   I also gave Defendant leave to withdraw the Renewed Motion if he made inaccurate representations of fact therein.   Doc. No. 35. In response to the Order to Show Cause, Defendant stated (not under oath) that he had not received any proof that Plaintiff paid the required fees to the AAA.   He argued that counsel for Plaintiff "is twisting the truth."   Doc. No. 38, at 2.   The record before the Court is sufficient to show that Plaintiff paid the required fees.   Thus, Defendant's impugning the integrity of counsel for Plaintiff was improper, and his statement that the arbitration was dismissed due to the actions of Plaintiff does not have the evidentiary support required by Rule 11(b)(3).   Based on the record as a whole, the Court may also conclude that Defendant presented the Renewed Motion to cause unnecessary

delay in violation of Rule 11(b)(1).   This provides yet another basis on which the Court may deny the Renewed Motion.   Fed. R. Civ. P. 11(c)(1)(permitting any appropriate sanction on a party who violated Rule 11).

**III.   RECOMMENDATION.**

      For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Defendant's Motion to Dismiss the Plaintiffs' Request with Prejudice or in the Alternative to Compel Arbitration, Doc. No. 27.   I further recommend that the Court require Defendant and counsel for Plaintiff to confer within ten days from the date of the Court's order on this Report and Recommendation to prepare a Case Management Report providing for trial of this case on or before the May 2016 trial term, and require that this report be filed within fifteen days of the Court's order.

      Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

      Recommended in Orlando, Florida on June 3, 2015.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy